FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 17 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-00784 BNB

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

GARY ANTHONY COLE, SR., # 22707-077,

    Applicant,

v.

R. WILEY, Warden, CEO, et al.,

    Respondent.

---

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION, CONSTRUING HABEAS ACTION AS *BIVENS* ACTION, AND INSTRUCTING APPLICANT TO CURE DEFICIENCIES

---

Applicant, Gary Anthony Cole, Sr., is a prisoner in the custody of the United States Bureau of Prisons (BOP), who currently is incarcerated at ADX Florence. Mr. Cole filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He failed either to pay the $5.00 filing fee or to file a Prisoner's Motion and Affidavit for leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The Court, however, has determined that the action is deficient for other reasons as described in this Order. Notwithstanding the deficiencies, the Clerk of the Court will be directed to commence a civil action. Any papers that Mr. Cole files in response to this Order must include the civil action number on the Order.

The Court has reviewed the Application and finds that Mr. Cole is asserting civil rights claims rather than habeas corpus claims. Mr. Cole complains that prison staff continues to deny him access to the courts. Mr. Cole seeks injunctive relief. Plaintiff also requests that prison staff be required to pay the $350.00 filing fee. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Mr. Cole will be directed to complete the proper, Court-approved form for a Prisoner Complaint and submit the completed form to the Court if he wishes to pursue his claims. Mr. Cole must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted.

Mr. Cole also will be required to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action, if he desires to proceed *in forma pauperis*. Otherwise, he will be required to pay the $350.00 filing fee prior to proceeding in the action.

The Court notes, and Mr. Cole is aware, that he is subject to 28 U.S.C. § 1915(g) restrictions. It appears that Plaintiff is attempting to circumvent the restrictions by filing his conditions of confinement claims in a 28 U.S.C. § 2241 action. This is the second action that Plaintiff has filed under § 2241, even though the claims more properly are

2

raised in a prisoner complaint. If Plaintiff continues to raise conditions of confinement claims in a § 2241 action the Court will consider sanctions against Plaintiff other than the § 1915(g) restrictions to which he now is subject. Accordingly, it is

ORDERED that the Clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that the action is construed as a civil rights action filed pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), as opposed to a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the Clerk of the Court shall note the docket in the instant case to reflect the proper nature of the action. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Cole shall complete and file a Prisoner Complaint with the Court. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Cole, if he desires to proceed *in forma pauperis*, shall complete and file with the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action so that the Clerk of the Court may determine the appropriate initial partial filing fee. Alternatively, he may pay the $350.00 filing fee. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Cole two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Cole fails to comply with this Order **within thirty days from the date of this Order**, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Cole's claims until he has complied with this Order.

DATED at Denver, Colorado, this 16th day of April, 2008.

BY THE COURT:

BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-CV-00784

Gary Anthony Cole
Reg. No. 22707-077
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint** to the above-named individuals on 4-7-08.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk