IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 08-cv-00784-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 07 2008

GREGORY C. LANGHAM
CLERK

GARY ANTHONY COLE, SR.,

    Applicant,

v.

R. WILEY, Warden, C.E.O., et al.,

    Respondent.

---

## ORDER DISMISSING CASE

---

Applicant Gary Anthony Cole, Sr., a federal prisoner housed in the State of

Colorado, initiated this action on April 7, 2008, by submitting to the Court an Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus

Action. Magistrate Judge Boyd N. Boland entered an order on April 17, 2008, finding

that Mr. Cole is challenging the conditions of his confinement rather than the execution

of his sentence and construing the instant action as more properly filed pursuant to

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388

(1971).

Mr. Cole was instructed to file his claims on a Prisoner Complaint form and to

submit the proper § 1915 Motion and Affidavit. Magistrate Judge Boland noted that the

instant action is Mr. Cole's second attempt to file a § 2241 action challenging the

conditions of his confinement, even though the claims more properly are raised in a prisoner complaint. Mr. Cole was warned that if he continues to raise conditions of confinement claims in a § 2241 action the Court will consider sanctions against him other than the § 1915(g) restriction to which he now is subject.

On April 25, 2008, Mr. Cole filed a Letter with the Court asking that the instant action and Case No. 08-cv-00551-BNB be dismissed so that he may file just one case. The Court must construe the Letter liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Fed. R. Civ. P. 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No answer has been filed by Respondent in this action. Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

Therefore, the Court will construe the Letter as a Notice of Dismissal filed pursuant to Rule 41(a)(1) and close the file as of April 25, 2008. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the Letter is construed as a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) and is effective as of April 25, 2008, the date Applicant filed the Notice in the action. It is

FURTHER ORDERED that the voluntary dismissal is without prejudice.

DATED at Denver, Colorado, this _6_ day of _May_, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00784-BNB

Gary Anthony Cole
Reg. No. 22707-077
ADX - Florence
PO Box 8500
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/7/08.

GREGORY C. LANGHAM, CLERK

By:_____
              Deputy Clerk